CHARLES ROMANO AND MICHAEL SAGGESE, PARTNERS, TRADING AS ROMANO & SAGGESE, PLAINTIFFS-RE-SPONDENTS, v. BOROUGH OF METUCHEN, A MUNICI-PAL CORPORATION OF THE COUNTY OF MIDDLESEX, DEFENDANT-APPELLANT.

Argued February 8, 1940—Decided April 25, 1940.

For the plaintiffs-respondents, *Thomas Brunetto* (*Fred G. Stickel, Jr.,* and *John Milton,* of counsel).

For the defendant-appellant, *Frederic M. P. Pearse* (*Max Mehler,* of counsel).

PER CURIAM.

This is an appeal by the defendant municipality from a judgment of the Supreme Court in favor of the plaintiffs in an action on contract. The plaintiffs, in 1924, contracted to build a sewer for the municipality. It was finished in 1926, as the plaintiffs contend, and the chief engineer gave the contractor a certificate of completion on October 11th of that year.

The complaint filed in the cause demanded payment for the unpaid balance of the contract price; also for extra work not specified in the contract, as well as for extra work on order of the defendant or its agent, the engineer; and for material "left in place" in excess of the quantities called for by the contract, and for sheathing.

The answer consists of a general denial that any money is due the plaintiffs; alleges there was no authorization for the extra work or material from the defendant or its engineer and then by way of counter-claim the defendant demanded damages alleging that the said sewer was not properly constructed because, as is alleged, it leaked in excess of the maximum seepage allowance fixed by the contract between the parties.

The matter was referred to a referee who recommended judgment for the plaintiffs for the balance due on the original contract. He found against the plaintiffs on all counts for extra work and determined also that the defendant should not recover on its counter-claim. The defendant had reserved its right to a trial by jury. The matter was then submitted to a Circuit Court judge for determination of the law and the facts. A jury was waived. The same record, *i. e.,* the pleadings, exhibits and testimony adduced before the referee were submitted without any additional proof to the learned

trial court. The findings of the court were in complete accord with those of the referee and judgment was entered for the plaintiffs for the balance due on the contract price with interest from October 11th, 1926. Both parties appeal, the plaintiffs from the judgment disallowing its claim for extra work and material, but there is no merit in this appeal because the extra work was not made the subject of "a separate contract" between the parties as required by the contract which they signed and this requirement was not waived by the defendant.

The defendant appealed from the judgment allowing plaintiffs the unpaid balance and from the adverse judgment on its counter-claim. The basis of the appeal is that the sewer admittedly leaked or was subject to infiltration in excess of the maximum allowance. The counter-claim was based on the amount defendant says it was compelled to pay to make the sewer water-tight. On the matter of infiltration or leakage, or both, the court found that the contractor had performed the contract and in so doing had adhered strictly to the plans and specifications prepared by the chief engineer of the defendant municipality and that if the result was bad, as apparently it was, it was due to the inadequacy of the plans and specifications and not to lack of compliance therewith by the contractor. On the matter of formal acceptance of the sewer the two fact finding bodies, the referee and the trial court, found that there was an acceptance in fact and a waiver of formal acceptance.

It is clear from the testimony and was so found by the court that the work done was performed under the constant supervision of an engineer representing the defendant municipality; that after the chief engineer had awarded the plaintiffs a certificate of completion on October 11th, 1926, the municipality had taken possession of the sewer and that several hundred connections were at once made; that many of the connections were crudely or inexpertly made and that by its act in taking over the sewer the municipality had accepted it in fact. We agree with these findings.

The judgment will be affirmed.

*For reversal*—None.